IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT DALE PUCKETT, ) | |
| ) | |
| Plaintiff, ) | Case No. CV 06-273-E-LMB |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Currently pending before the Court is Plaintiff's Application to Proceed In Forma Pauperis (Docket No. 1). Plaintiff has consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending application would not be significantly aided by oral argument, the Court will address and resolve the application without a hearing. Having carefully reviewed the record, and otherwise being fully informed, the Court enters the following Order.

**I.**

**BACKGROUND**

On July 12, 2006, Plaintiff filed a Complaint to initiate the present action, alleging that several government officials committed fraud, violated his constitutional rights, and violated

various state criminal statutes.¹  (Docket No. 2).  This is not the first time Plaintiff has made these claims against government officials.²

On March 5, 2001, Plaintiff filed a similar "Complaint for Damages" against four individuals identified as Defendants in the present action (Betty Richardson, Nicholas Woychick, Edward J. Lodge, and Mikel H. Williams) to allege claims for fraud, violation of Plaintiff's civil rights, and violation of the same state statutes (concerning disregarding immaterial errors, offering fraudulent documents into evidence, preparing false evidence, and official malfeasance).  *Puckett v. Lodge*, Case No. CV-01-0095-BLW (D. Idaho).  The only substantive differences between Plaintiff's complaints are that he named as additional defendants in the present action the current United States Attorney for the District of Idaho, Thomas Moss,

---

¹ Although the Complaint's caption lists only "The United States of America & President George Bush" as Defendants, in the text of the Complaint Plaintiff lists the names and addresses of three government attorneys (former U.S. Attorney for Idaho Betty Richardson, current U.S. Attorney for Idaho Thomas Moss, and Deputy U.S. Attorney Nicholas Woychick) and three federal judges (The Honorable Edward J. Lodge, B. Lynn Winmill, and Mikel H. Williams). Federal Rule of Civil Procedure 10(a) requires that a complaint title "include the names of all the parties."  However, in light of the requirement to construe pro se pleadings liberally, *see Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), the Court will consider that the six named individuals are the Defendants against whom Plaintiff seeks relief.

² This is not the first time Plaintiff has filed suit against government officials in the United States District Court for the District of Idaho.  All of Plaintiff's prior cases have been dismissed.  *See Puckett v. Shalala*, Case No. CV-94-533-S-BLW (claims against federal defendants barred by res judicata and against state defendants by 11th Amendment immunity); *Puckett v. Sec'y of Health and Human Servs.*, Case No. CV-96-446-S-BLW (summary judgment in favor of defendants on claims nearly identical to 1994 claims; sanctions imposed against plaintiff); *Puckett v. U.S. Supreme Court*, Case No. CV-99-265-S-EJL (absolute judicial immunity); *Puckett v. Idaho*, CV-00-426-E-BLW (qualified, prosecutorial, and judicial immunity and failure to state a claim); *Puckett v. Lodge*, CV-01-95-S-BLW (prosecutorial and judicial immunity); and *Puckett v. Bollar*, CV-05-226-LMB (failure to state a claim and on immunity grounds).

ORDER - 2

and District Judge B. Lynn Winmill, and he has requested different amounts for damages from each Defendant.

Plaintiff's claims alleged here against Judge Winmill appear to stem from his dismissal of Plaintiff's claims in *Puckett v. Lodge*. In that case, Judge Winmill entered a Judgment against Plaintiff after determining that the defendants were entitled to absolute immunity. *See Puckett v. Lodge*, Case No. CV-01-0095-BLW (D. Idaho), *Memorandum Decision* (Docket No. 32). The issues before this Court now are whether Plaintiff can bring the same claims for relief in the present action that he brought in the action before Judge Winmill and, if so, whether he should be allowed to proceed without prepayment of fees.

## II.

## DISCUSSION

### A.  Standards of Law

Before the Court considers Plaintiff's Application to Proceed In Forma Pauperis (Docket No. 1), it will review the Complaint under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) allows the Court to dismiss an action at any time if it determines that a complaint fails to state a claim on which relief may be granted or if the action is frivolous. A complaint submitted in forma pauperis "is frivolous if it has no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (internal quotation marks and citation omitted).

In conducting its review, the Court is mindful that it must liberally construe a pro se plaintiff's pleadings and give the plaintiff the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in

the light most favorable to the plaintiff."). Additionally, if a complaint can be saved by amendment, the Court ordinarily should notify a pro se plaintiff of the complaint's deficiencies and provide an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (explaining that "dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment"); *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002).

### B.   Preclusion Doctrines

Because Plaintiff has previously brought identical claims against four of the individuals identified in the present Complaint, his claims against those individuals are barred by res judicata. Res judicata applies when the earlier suit "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co.,* 279 F.3d 896, 900 (9th Cir. 2002).

In this instant action, Plaintiff's claims are identical to those raised in the earlier suit and four of the Defendants (former U.S. Attorney for Idaho Betty Richardson, Deputy U.S. Attorney Nicholas Woychick, District Judge Edward J. Lodge, and Magistrate Judge Mikel H. Williams) were named as Defendants in the first action. Additionally, res judicata can be applied where, as here, the earlier case that serves as the basis for preclusion has been dismissed on immunity grounds. *See Powelson v. United States*, 150 F.3d 1103, 1104-05 (9th Cir. 1998). Because all three elements of res judicata are present with regard to former U.S. Attorney for Idaho Betty Richardson, Deputy U.S. Attorney Nicholas Woychick, District Judge Edward J. Lodge, and Magistrate Judge Mikel H. Williams, res judicata bars Plaintiff's claims against these Defendants.

ORDER - 4

Res judicata also bars Plaintiff's claims against current U.S. Attorney Thomas Moss because Plaintiff previously brought the same claims against Mr. Moss's predecessor, Betty Richardson, for the same claims. *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940) (holding that privity exists between officers of the same government); *Micklus v. Greer*, 705 F.2d 314, 317 (8th Cir. 1983) (explaining that a government employee may benefit from a prior judgment in favor of another employee of the same agency).

For similar reasons, collateral estoppel (issue preclusion) bars Plaintiff's claims against all named Defendants.[3]  The Court must consider three factors before applying collateral estoppel: "(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (citation and internal quotation marks omitted).

All three factors are present in Plaintiff's current Complaint against several United States Attorneys and federal judges. Plaintiff's earlier Complaint in *Puckett v. Lodge* sought monetary damages from attorneys with the United States Attorneys Office and from federal judges in the District of Idaho for their actions in Plaintiff's previous cases in this District. The present Complaint seeks the same type of damages for the same conduct by some of the same Defendants. Plaintiff's claims for fraud and violations of his civil rights and state criminal law were fully and finally litigated when his Complaint in *Puckett v. Lodge* was dismissed based on

---

[3] Where, as here, a federal court has decided the earlier case, federal law controls the collateral estoppel analysis. *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996).

ORDER - 5

absolute judicial and prosecutorial immunity. *See McQuillion*, 369 F.3d at 1096 (applying collateral estoppel to bar a claim that had been dismissed in a prior case on immunity grounds). For these reasons, Plaintiff's claims against all Defendants are barred by the doctrine of collateral estoppel.

Even if the preclusion doctrines did not bar Plaintiff's claims, his claims are barred for the same reasons that Judge Winmill dismissed his earlier claims. *See Puckett v. Lodge*, Case No. CV-01-0095-BLW (D. Idaho), *Memorandum Decision* (Docket No. 32). Specifically, absolute immunity protects executive branch attorneys representing the government's interests, *Fry v. Melarango*, 939 F.2d 832, 837 (9th Cir. 1991), and protects judges when their acts are judicial in nature and not done in the absence of jurisdiction, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). *See also Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (upholding district court's determination that defendant judges were entitled to absolute judicial immunity for their judicial actions in the plaintiff's prior cases). Because nothing in Plaintiff's Complaint indicates that the Defendants are being sued for any actions outside of their duties as judges and government attorneys, they are immune from suit. Accordingly, Plaintiff's claims are dismissed on this additional basis.

### C.     Conclusion

Plaintiff has failed to state a cause of action against any of the Defendants in this case. All of his claims are barred by res judicata, collateral estoppel, or the Defendants' immunity.[4]  Accordingly, the Court finds that Plaintiff's action is groundless and without

---

[4] Because Plaintiff's claims are barred by these doctrines, any amendment of his Complaint would be futile and the Court therefore need not provide leave to amend. *See Schmier*, 279 F.3d at 824-25.

foundation. Moreover, because several of Plaintiff's other actions have been dismissed in the past on similar grounds, this action also will be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

It is notable that Plaintiff has filed several other lawsuits against judges and government officials that have been dismissed by courts in this district. *See Puckett v. Shalala*, CV-94-533-S-BLW (determining that claims against federal defendants were barred by res judicata and against state defendants by 11th Amendment immunity), *aff'd*, No. 97-36026, 1998 WL 658670 (9th Cir. Sept. 17, 1998); *Puckett v. Sec'y of Health and Human Servs.*, CV-96-446-S-BLW (granting summary judgment in favor of defendants on claims nearly identical to claims brought in *Puckett v. Shalala* and imposing sanctions against Plaintiff); *Puckett v. U.S. Supreme Court*, CV-99-265-S-EJL (dismissing on absolute judicial immunity grounds); *Puckett v. Idaho*, CV-00-426-E-BLW (dismissing based on qualified, prosecutorial, and judicial immunity and failure to state a claim); and *Puckett v. Lodge*, CV-01-95-S-BLW (resolving on prosecutorial and judicial immunity bases); *Puckett v. Bollar*, CV-05-226-LMB (dismissing suit against state and city officials for failure to state a claim and on immunity grounds), *aff'd*, No. 97-36026, 2006 WL 2041605 (9th Cir. July 21, 2006).

Plaintiff also recently filed a case against D.L Evans Bank, which was dismissed by Judge Winmill for lack of jurisdiction. *Puckett v. D.L. Evans Bank, et al.*, CV-05-409-BLW. The District Court for the Eastern District of Virginia also has dismissed a case brought by Plaintiff pro se against the Social Security office. *Puckett v. Soc. Sec. Office of Disability and Internal Operations*, 1992 WL 436276 (E.D. Va. 1992). The Virginia court determined that it

ORDER - 7

lacked jurisdiction and that res judicata barred the action because Plaintiff had filed an earlier case against the Social Security Office in another district.

These numerous and often duplicative cases indicate that Plaintiff may qualify as an "abusive litigant." *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). The Court has the power to enjoin litigants with lengthy histories of abuse from future filings or to impose pre-filing restrictions on such litigants. *See id.*; *Lundahl v. NAR Inc.*, No. 4:05 CV 00127 RCT, 2006 WL 1495070 *1 (D. Idaho May 24, 2006). This Order is intended to notify Plaintiff that if he continues to file frivolous and unfounded claims, the Court may issue an order restricting his ability to file new cases. *See De Long*, 912 F.2d at 1144. Although the Court will not issue such an order at this time, Plaintiff should consider the possible consequences if he files another suit in this district raising claims that (1) have already been raised in a previously-dismissed case, (2) are barred on immunity grounds, or (3) the Court lacks jurisdiction to consider.

### III.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Application to Proceed In Forma Pauperis (Docket No. 1) is DENIED and this action DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2).



DATED: **August 8, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

ORDER - 8