IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERT DALE PUCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 06-273-E-LMB |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Currently pending before the Court is Plaintiff's Motion for Amendment of Finding of Facts & for Additional Finding ("Motion for Amendment") (Docket No. 11). In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending motion would not be significantly aided by oral argument, the Court will address and resolve the motion without a hearing.[1] Having carefully reviewed the record, and otherwise being fully informed, the Court enters the following Order.

On July 12, 2006, Plaintiff filed a Complaint to initiate the present action, alleging that several government officials committed fraud, violated his constitutional rights, and violated various state criminal statutes. (Docket No. 2). On August 8, 2006, because Plaintiff had previously filed identical claims against the same or similar defendants in another case, the Court

---

[1] Plaintiff has consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

ORDER - 1

denied Plaintiff's Application to Proceed In Forma Pauperis and dismissed the present action on res judicata, collateral estoppel, and frivolousness grounds. *Order* (Docket No. 9); *Judgment* (Docket No. 10). Three weeks later, on August 29, 2006, Plaintiff filed the instant Motion for Amendment of Finding of Facts & for Additional Finding, requesting that the Court grant his application to proceed in forma pauperis and the relief requested in his Complaint. *Motion for Amendment*, p. 1 (Docket No. 11).

There is no federal rule providing for a motion to amend a finding of fact or to make a new finding after judgment has been entered. However, because Plaintiff is appearing *pro se* and the relief he requests is, at essence, a reconsideration of the Court's dismissal of this action, the Court will construe Plaintiff's Motion as one for relief from judgment under Rule 60(b). *See Am. Ironworks & Erectors, Inc. v. North Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (explaining that where, as here, a motion for reconsideration is filed more than ten days after entry of judgment, it is treated as a Rule 60(b) motion for relief from a judgment or order and not as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e)).

Plaintiff may obtain relief under Rule 60(b) for the following reasons only: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b); *Am. Ironworks*, 248 F.3d at 899.

Plaintiff has not provided newly-discovered evidence, alleged any mistake or inadvertence, pointed to any intervening change in controlling law, or alleged that the Judgment is void or has been satisfied or released. *See Puckett Affidavit* (Docket No. 11, Att. 1). Plaintiff

ORDER - 2

has made repeated allegations of the Court "lying," but the type of fraud, misrepresentation, or other misconduct that might justify relief under Rule 60(b)(3) is that of an "adverse party," a circumstance not alleged by the Plaintiff. *See id.* at pp. 1, 3, 4, 6, 7.

Accordingly, the only possible basis for relief remaining to Plaintiff is under subsection 6, the "catch-all" provision of Rule 60(b). "Judgments are not often set aside under Rule 60(b)(6)." *Latshaw v. Trainer Wortham & Co., Inc*., 452 F.3d 1097, 1103 (9th Cir. 2006). Rather, this subsection is "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir.2005) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). "Accordingly, a party who moves for such relief must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Latshaw*, 452 F.3d at 1103 (citation and internal quotation marks omitted).

Plaintiff here has made no such showing. Instead, his argument focuses on his belief that he should have prevailed in this action. *Puckett Affidavit*, pp. 2-7 (Docket No. 11, Att. 1). Rather than provide applicable authority to support his argument, Plaintiff simply asserts several times that the Order dismissing his case is based on "lying."[2] *See id.* at pp. 1, 3, 4, 6, 7. The

---

[2] For example, Plaintiff claims that the Court "is lying for there is no 28 U.S.C. § 1915(e)(2)." *Puckett Affidavit*, p. 1 (Docket No. 11, Att. 1). Plaintiff is mistaken. This statute does exist and a copy of it is attached to this Order. Plaintiff also expresses concern that a case the Court relied on in its Order dismissing his action was mis-cited. *Id.* at p. 2. The Court's Order correctly cited *O'Loughlin v. Doe* as appearing at 920 F.2d 914. *Order*, p. 3 (Docket No. 9). However, because Plaintiff has had difficulty locating this case, the Court has attached a copy of it to this decision.

ORDER - 3

Court has thoroughly reviewed its prior Order, as well as the factual allegations forming the basis of Plaintiff's claims and the law applicable to the instant action.  This review has revealed no manifest injustice, error, or other extraordinary circumstance that would require the Court to provide relief from the judgment of dismissal.  The Court's statement of the facts and law are accurate.

Plaintiff also argues that he should have been allowed to amend his Complaint. *Puckett Affidavit*, p. 7 (Docket No. 11, Att. 1).   However, as explained in the Court's prior order, the Complaint cannot be saved by amendment because his claims are barred and have been dismissed previously in another case.  *See Order*, pp. 6-7.

For all of these reasons, and because Plaintiff has not met his burden to demonstrate that relief under Rule 60 is appropriate, his Motion for Amendment is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Amendment of Finding of Facts & for Additional Finding (Docket No. 11) is DENIED.

DATED:  August 30, 2006.

**Honorable Larry M. Boyle**
**Chief U. S. Magistrate Judge**